La Duke and another, Appellants, vs. Northern States Power Company, Respondent.

*October 12, 1949—February 7, 1950.*

For the appellants there was a brief by *Hansen, Kaiser & Steinbring* and *Frank L. Morrow,* attorneys, all of Eau Claire, and *Bendinger, Hayes & Kluwin* of counsel of Milwaukee, and oral argument by *John A. Kluwin.*

For the respondent there was a brief by *Ramsdell & King* and *George M. Carroll,* all of Eau Claire, and oral argument by *Mr. Bailey E. Ramsdell* and *Mr. Carroll.*

HUGHES, J. It appears from the record that the plaintiff sought to establish his case upon the theory that the safe-place statute applied.

We are of the opinion the trial court correctly held that the safe-place statute did not apply. The place of plaintiff's employment was the Aluminum Company and the duty to maintain it according to the statutory standards rested upon the Aluminum Company.

We conclude, however, that the trial court was in error in holding that the plaintiff was a trespasser upon the defendant Power Company's poles. As a workman on the Aluminum Company property he was an invitee with permission to go wherever his tasks led. The Power Company, being apparently a licensee of the Aluminum Company, cannot claim that plaintiff was a trespasser and therefore a wrongdoer in coming in contact with its poles which rested on Aluminum Company property where plaintiff had a right to be.

In *Meyer v. Menominee & Marinette L. & T. Co.* (1912), 151 Wis. 279, 285, 138 N. W. 1008, a boy of fourteen was killed when he touched wires while, with other boys, atop a lumber pile over which defendant's wires ran. The company contended that the boy was a trespasser to whom it owed

no duty. This court, in sustaining a judgment in favor of plaintiff, said:

"But whether deceased in the instant case was a bare licensee or invitee when upon the lumber pile, if defendant knew or ought to have known that boys of his age were accustomed to be there, it was chargeable with due care in the management of its poles, wires, and current so as to protect children and others who might be expected to be there from injury, and was bound to anticipate that some injury might result to some one in consequence of the location and condition of the wires."

The same may be said of the defendant here with even more force. Whether it placed its transformers after the Aluminum Company erected its raceway or whether the raceway was erected subsequently, the defendant must have had knowledge of their close proximity and should have anticipated that the Aluminum Company might engage workmen in the maintenance of its electrical conduits who might come in contact with the Power Company equipment. It was its duty to maintain its equipment in a safe condition. *Dansbery v. Northern States Power Co.* (1926), 188 Wis. 586, 206 N. W. 882; *Erikson v. Wisconsin Hydro-Electric Co.* (1934), 214 Wis. 614, 254 N. W. 106.

The questions of whether the ground wire was detached and the relative negligence of the plaintiff and the defendant are for the jury.

*By the Court.*—Judgment reversed and cause remanded for a new trial.

BROADFOOT, J., took no part.